UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WAYNE SMITH,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　　　Defendant. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 08-CV-2875 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

　　　　This matter comes before the Court upon Plaintiff Wayne Smith's ("Plaintiff") appeal from the Commissioner of the Social Security Administration's ("Commissioner") final decision denying his request for Disability Insurance Benefits and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). The Court has jurisdiction to review this matter pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) and decides this matter without oral argument pursuant to Fed. R. Civ. P. 78. Because the Court finds that the hypothetical presented by the Administrative Law Judge ("ALJ") included all of the Plaintiff's credibly established limitations, and because the definition of "moderate" presented by the Vocational Expert ("VE") did not create a credible limitation, Plaintiff's appeal is **denied**.

**I.    BACKGROUND**

   A.    Procedural Background

Plaintiff filed an application for Disability Insurance Benefits and SSI with the Commissioner on August 18, 2004. Plaintiff's claims were denied both initially and upon reconsideration. Following a hearing before ALJ Donna A. Krappa, Plaintiff's claims were again denied on November 20, 2007. Plaintiff then sought review by the Appeals Council. The Appeals Council issued a decision on April 10, 2008 finding no grounds to review. Plaintiff now appeals that decision to this Court.

   B.    Factual Background

      i. *Medical Assessments*

Dr. Benito Tan is a state agency medical consultant. Dr. Tan reviewed the evidence of record and completed a "Mental Residual Functional Capacity Assessment" form (the "Form") on February 10, 2005. Section I of the Form includes a space for "Summary Conclusions," consisting of twenty mental function items grouped under four main categories: (1) "understanding and memory"; (2) "sustained concentration and persistence"; (3) "social interaction"; and (4) "adaptation." The Form includes check boxes that allow a doctor to rate the degree of limitation for each of the twenty items. Dr. Tan marked boxes indicating that Plaintiff was not significantly limited in fourteen of the twenty items, and that Plaintiff had only moderate limitations in six of these items. In Section III of the Form, entitled the "Functional Capacity Assessment" section, Dr. Tan concluded that Plaintiff was able to follow instructions, maintain pace/persistence, concentration and attention, relate appropriately, and adapt in work settings.

Dr. Royston Cruicshank is Plaintiff's treating psychiatrist. In a document entitled, "Report of Contact," Dr. Cruicshank diagnosed Plaintiff's condition as depressive disorder, without further specification. He stated that Plaintiff was not always compliant with medication, attended appointments sporadically, and that Plaintiff's medications partially eased his depressive symptoms and helped with insomnia. Dr. Cruicshank concluded that Plaintiff could function adequately in a job setting provided that he did not have to work around others.

M. Graff, Ph.D. reviewed the evidence of record and completed the Form on December 21, 2005. Dr. Graff marked boxes in Section I noting that Plaintiff was not significantly limited in ten of the twenty items, and that he had moderate limitations in ten of the twenty items. In Section III, Dr. Graff referenced Dr. Cruicshank's "Report of Contact" and stated that Plaintiff was capable of at least entry level work in a setting with minimal interpersonal contact.

ii.     *Testimony*

Rocco Meola testified as a VE at Plaintiff's administrative hearing. During his testimony, the ALJ posed a hypothetical directing him to assume that Plaintiff was limited to medium work, simple, routine, repetitive, one or two-step tasks and jobs where he would have only occasional interaction with the public or coworkers. The VE responded that, under such circumstances, Plaintiff could perform his former job as a loader and unloader of trucks as well as his job as a warehouse worker. The ALJ subsequently asked the VE whether Plaintiff could perform his past work, particularly considering Dr. Tan's statement that Plaintiff was able to follow instructions, maintain pace, persistence, concentration and attention and relate appropriately and adapt in work settings. The VE responded that Plaintiff would not be precluded from performing his prior work. The VE

3

also noted that Plaintiff's prior employment, including his work unloading and loading trucks and as a general warehouse worker, were low stress jobs that did not include significant decision-making.

Plaintiff's counsel then posed a series of hypotheticals to the VE incorporating the "moderate limitations" noted by Drs. Tan and Graff in Section I of their respective Forms. The limitations presented to the VE included Plaintiff's "moderate" limitations on his abilities to: carry out details; maintain attention and concentration for extended periods; complete normal work-periods without interruptions from psychologically-based symptoms; perform at a consistent pace without an unreasonable rest periods; accept instructions; respond to criticism from supervisors; respond appropriately to changes in the work setting; maintain social functioning; and maintaining concentration, persistence, and pace. The VE concluded that, under the circumstances, Plaintiff would be unable to perform his prior work or any other work existing in significant numbers in the national economy.

## II.   STANDARD OF REVIEW

### A.   Statutory Standard for Disability Insurance Benefits and SSI

A claimant's eligibility for Disability Insurance Benefits are governed by 42 U.S.C. § 423, and SSI Benefits are governed by 42 U.S.C. § 1382. In order to claim both Disability Insurance Benefits and SSI, a Plaintiff must be found "disabled." The term "disability" has essentially the same definition for purposes of Title II and Title XVI of the Act and is defined as an:

> inability to engage in any substantial gainful activity by reasons of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . .

42 U.S.C. §§ 423(d)(1)(A) and 1383c(a)(3)(A).  A person is disabled only if her physical or mental impairments are "of such severity that she is not only unable to do her previous work, but cannot, considering her age, education, and work experience, engage in any other kinds of substantial gainful work which exists in the national economy."  See 42 U.S.C. §§ 423(d)(2)(A), 1383c(a)(3)(B).  A physical or mental impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(c).

Social Security regulations set forth a five-step, sequential evaluation procedure to determine whether a claimant is disabled.  20 C.F.R. § 404.1520.  For the first two steps, the claimant must establish: (1) that she has not engaged in "substantial gainful activity" since the onset of the alleged disability; and (2) that she suffers from a "severe impairment" or "combination of impairments."  20 C.F.R. § 404.1520(a)–(c).  Given that the claimant bears the burden of establishing these first two requirements, her failure to meet this burden automatically results in a denial of benefits, and a court's inquiry necessarily ends there.  Bowen v. Yuckert, 482 U.S. 137, 146–47 n.5 (1987) (delineating the burdens of proof necessary at each step of the disability determination).

If the claimant satisfies her initial burdens, the claim shifts to step three.  In that step, claimant must provide evidence that her impairment is equal to or exceeds one of the impairments listed in Appendix 1 of the regulations ("Listing of Impairments").  See 20 C.F.R. § 404.1520(d).  Upon such a showing, claimant is presumed disabled and is automatically entitled to disability benefits.  Id.  If she cannot so demonstrate, the benefit eligibility analysis requires further scrutiny.

Step four focuses on whether the claimant's residual functional capacity sufficiently permits

5

her to resume her previous employment.  See 20 C.F.R. § 404.1520(e).  If the claimant is found capable of returning to her previous vocation, then she is not "disabled" and not entitled to disability benefits.  Id.  Should the claimant be unable to return to her previous work, the analysis proceeds to step five.  Step five shifts the burden to the Commissioner to demonstrate that the claimant can perform other substantial, gainful work.  See 20 C.F.R. § 404.1520(f).  If the Commissioner cannot satisfy this burden, the claimant shall be determined disabled and receive social security benefits.  Yuckert, 482 U.S. at 146–47 n.5.

      B.    Scope of Judicial Review

A reviewing court must uphold the Commissioner's factual decisions if they are supported by "substantial evidence."  42 U.S.C. §§ 405(g), 1383(c)(3); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert denied sub nom., Williams v. Shalala, 507 U.S. 924 (1993).  "Substantial evidence" means more than "a mere scintilla."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197 229 (1938)).  Rather, it means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.  Some types of evidence, however, will not be "substantial," including:

> [a] single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.  Nor is evidence substantial if it is overwhelmed by other evidence - particularly certain types of evidence (e.g. that offered by treating physicians) - or if it really constitutes not evidence but mere conclusion.

Wallace v. Sec'y of Health & Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)).  The ALJ must make specific findings of fact to

support his ultimate conclusions. Stewart v. Sec'y of HEW, 714 F.2d 287, 290 (3d Cir. 1983). "Where the ALJ's findings of fact are supported by substantial evidence, the [reviewing court] is bound by these findings, even if [it] would have decided the factual inquiry differently." Fargnoli v. Massanari, 247 F.3d 34, 35 (3d Cir. 2001). Thus, substantial evidence may be slightly less than a preponderance. Stunkard v. Sec'y of Health & Human Services, 841 F.2d 57, 59 (3d Cir. 1988).

The reviewing court is required to review the entire administrative record. See 5 U.S.C. § 706; Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003). Moreover, the court has a "duty to review the evidence in its totality." Schonewolf v. Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (citing Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984)). In order to review the evidence, "a court must 'take into account whatever in the record fairly detracts from its weight.'" Id. (quoting Willibanks v. Sec'y of Health & Human Servs., 847 F.2d 301, 303 (6th Cir. 1988)). The Commissioner has a corresponding duty to facilitate the court's review: "[w]here the [Commissioner] is faced with conflicting evidence, he must adequately explain in the record his reasons for rejecting or discrediting competent evidence." Ogden v. Bowen, 677 F. Supp. 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)). As this Circuit has held, access to the Commissioner's reasoning is indeed essential to a meaningful court review:

> Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978) (quoting Arnold v. Sec'y of HEW, 567 F.2d 258, 259 (4th Cir. 1977)). "[The reviewing court] need[s] from the ALJ not only an expression of

7

the evidence []he considered which supports the result, but also some indication of the evidence which was rejected." Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981). Without such an indication by the ALJ, the reviewing court cannot conduct an accurate review of the matter; the court cannot determine whether the evidence was discredited or simply ignored. See Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 121 (3d Cir. 2000) (citing Cotter, 642 F.2d at 705); Walton v. Halter, 243 F.3d 703, 710 (3d Cir. 2001). "The district court . . . is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact finder." Williams, 970 F.2d at 1182 (citing Early v. Heckler, 743 F.2d 1002, 1007 (3d Cir. 1984)).

**III.    DISCUSSION**

Plaintiff appeals the Commissioner's final administrative decision on the ground that it is not supported by "substantial evidence." Specifically, Plaintiff argues that a hypothetical posed by the ALJ did not sufficiently capture his credibly established limitations, and that the ALJ incorrectly rejected the VE's answer to Plaintiff's hypothetical based on his definition of "moderate." Because the Court finds that the ALJ's hypothetical included all of Plaintiff's credibly established limitations, however, and because the definition of "moderate" presented by the VE did not create a credible limitation, Plaintiff's appeal is **denied**.

A hypothetical presented by an ALJ must include "all of the claimant's impairments that are supported by the record." Ramirez v. Barnhart, 372 F.3d 546, 552 (3d Cir. 2004) (quoting Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d. Cir 1987)). "[G]reat specificity" is required when an ALJ incorporates a claimant's mental or physical limitations into a hypothetical. Burns v. Barnhart, 312 F.3d 113, 122 (3d Cir. 2002). A valid explanation for an omission from an ALJ's hypothetical may

8

also render a hypothetical adequate.  Ramirez 372 F.3d at 555.

In this case, the ALJ instructed the VE to assume "a person the claimant's age, education and work history" who was "limited to medium work, simple, routine, repetitive, one or two-step tasks, and jobs with only occasional interaction with the public or co-workers."  The VE was then asked whether such an individual could perform the past relevant work of the Plaintiff.  The VE concluded that the individual "could do the job of loading and unloading trucks as [Plaintiff] did it.  And general warehouse work . . . would also meet that classification."

Plaintiff argues that the ALJ's hypothetical was inadequate because it failed to include all of Plaintiff's impairments supported by the record, particularly the capability estimates rendered by the state agency psychological consultants.  Plaintiff is incorrect.  The ALJ's hypothetical fully accounted for the opinions of Drs. Tan, Graff and Cruicshank.  Dr. Tan's opinion, for example, was directly incorporated into the hypothetical by the direction that Plaintiff is "able to follow instructions, maintain pace, persistence, concentration and attention, relate appropriately and adapt[] in work settings."  Similarly, Dr. Graff's residual functional assessment that Plaintiff is capable "of at least entry level work in a setting with minimal interpersonal contact" was also directly cited in the hypothetical.  Finally, Dr. Graff's assessment referenced Dr. Cruicshank's statement that Plaintiff could function in a job setting where he did not have to work around others.  By incorporating each of these assessments, the Court finds that the ALJ's hypothetical adequately covered claimant's credibly-established limitations.

Nor did the ALJ err in excluding from the hypothetical the "moderate limitations" noted by Drs. Tan and Graff in Section I of their respective Forms.  As the Commissioner correctly notes,

Section I is not the actual Residual Functional Capacity ("RFC") assessment, but rather a worksheet to aid in determining the presence and degree of functional limitations. Instead, the actual mental RFC assessment is found in Section III of the Form. Accordingly, the Court finds that the ALJ did not err in excluding Drs. Tan and Graff's Section I limitations from his hypothetical because the hypothetical appropriately included the actual RFC assessments from Section III.

Finally, the Court finds that the ALJ did not err in rejecting the VE's definition of "moderate" in the context of Plaintiff's hypothetical. As the ALJ correctly noted, the preparers of the Residual Capacity Assessments did not clarify their definitions of "moderate," and no evidence was presented in the hearing to support a finding that the VE's definition was the same as that used by the doctors in their findings. The ALJ was thus under no obligation to substitute the VE's definition for that of the preparing doctors. Accordingly, the Court finds that the ALJ had a legitimate reason for not accepting the VE's definition of "moderate" and according less weight to his responses.

### IV. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's appeal from the denial of his Social Security benefits is **denied**. An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date: May  14 , 2009
Orig.: Clerk
cc: All Counsel of Record
Hon. Mark Falk, U.S.M.J.
File